# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TALONDA HAMPTON, #B48819, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00547-JPG |
| | ) | |
| JEFF BULLARD, Sr., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Talonda Hampton, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Decatur Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff brings claims against Sheriff Jeff Bullard, Sr., for the denial of adequate medical care at Jefferson County Jail. She seeks money damages.

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 5): During Plaintiff's detention at Jefferson County Jail in mid-2018, officials suddenly stopped administering her psychotropic medications (benzodiazepines). She suffered serious side effects that included severe psychotic episodes resulting in one or more suicide attempts. The medical staff also treated her

1

high blood pressure with a prescription medication (Lisinopril) that increases the risk of angioedema in some groups of individuals, including African-Americans. Plaintiff suffered adverse side effects necessitating emergency treatment and a four-day hospitalization in Good Samaritan Hospital's cardiac unit. (*Id*.). Although the Jail had a grievance procedure, Plaintiff did not present facts relating to this Complaint in the grievance procedure because she feared "backlash" from staff. (*Id*. at p. 4).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

> **Count 1:** Defendant improperly terminated Plaintiff's psychotropic medication (benzodiazepines) at Jefferson County Jail in violation of her constitutional rights.
>
> **Count 2:** Defendant treated Plaintiff's high blood pressure with prescription medication (Lisinopril) that caused serious adverse side effects in violation of her constitutional rights.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

The Complaint does not survive preliminary review under 42 U.S.C. § 1983. Plaintiff names Sheriff Jeff Bullard, Sr. as the only defendant. However, she does not mention the defendant in the statement of claim. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *Haines v. Kerner*, 404 U.S. 519, 520-

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

21 (1972). Merely invoking the name of a potential defendant in the case caption is not enough to state a claim against that individual. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

In a Section 1983 action, liability hinges on personal involvement in a constitutional violation. *Hamilton v. City of New Albany, Indiana*, 698 F. App'x 821, 823 (7th Cir. 2017) (citing *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009)). To establish personal involvement, a plaintiff is generally required to describe the conduct of each defendant that violated her constitutional rights. By failing to mention the defendant in connection with Counts 1 and 2, Plaintiff failed to demonstrate any connection between the sheriff's conduct and the inadequate medical care she received at the Jail. Counts 1 and 2 thus fail to state a claim for relief against the sheriff.

In addition, Plaintiff admits she made no attempt to file a grievance at the Jail before bringing this action. (Doc. 1, p. 4). She states that Jefferson County Jail has a grievance procedure. (*Id.*). Fearing "backlash," however, she chose not to use the grievance process to address her claims. (*Id.*). It appears that Plaintiff may have failed to exhaust her administrative remedies before filing this action. A plaintiff may not pursue any claims in federal court until *after* she has exhausted her available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense, a plaintiff who makes it clear on the face of the complaint that she has not exhausted faces dismissal of the complaint and the action. *See, e.g., Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) ("[W]hen the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing it."). Here, it is remains unclear whether Plaintiff actually failed to exhaust or was prevented from doing so by staff. (*Id.* at p. 4).

The Complaint shall be dismissed based on Plaintiff's failure to state a claim in Count 1 and 2 upon which relief may be granted. However, Plaintiff will have an opportunity to re-plead her claims, if she wishes to proceed any further with this action and exhausted her available administrative remedies before filing this action. When preparing a First Amended Complaint, she should identify each defendant in the case caption and set forth allegations in her statement of claim describing what each defendant did, or failed to do, to violate her constitutional rights.

### Disposition

**IT IS ORDERED** that the Complaint (including **COUNTS 1** and **2**) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendant **JEFF BULLARD, Sr.** is **DISMISSED** without prejudice from the action.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 2, 2019.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute her claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. She should label the form "First Amended Complaint" and use the case number for this action (No. 19-cv-000547-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.

1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits she wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that her obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/4/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**