# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TALONDA HAMPTON, #B48819, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-00547-JPG |
| JEFF BULLARD, Sr., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Talonda Hampton filed this action pursuant 42 U.S.C. § 1983 for constitutional deprivations that resulted from the denial of medical care at Jefferson County Jail. (Doc. 1). The Complaint did not survive screening pursuant to 28 U.S.C. § 1915A and was dismissed without prejudice on June 4, 2019. (Doc. 4). Plaintiff was granted leave to file a First Amended Complaint on or before July 2, 2019. (*Id*. at p. 4). However, she was warned that the action would be dismissed with prejudice, if she failed to file an amended complaint by the deadline. *Id*. She was also warned that the dismissal would count as one of her three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff missed the deadline for filing the First Amended Complaint. More than a week has passed since the deadline expired. She has not requested an extension.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 4) to file a First Amended Complaint and/or to prosecute her claims. *See* FED. R. CIV. P. 41(b). The dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of Section 1915(g).

1

**Disposition**

IT IS HEREBY ORDERED that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order to file a First Amended Complaint (Doc. 4) and prosecute her claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as a "strike" within the meaning of Section 1915(g).

Plaintiff is further **ADVISED** that her obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, she may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, she will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. She must list each of the issues she intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 11, 2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**